IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

VANESSA APPELHANS,

    PLAINTIFF,

v.                                    CIVIL ACTION NO.:

NAVY FEDERAL FINANCIAL GROUP, LLC.

    DEFENDANT.
_____/

# COMPLAINT

Plaintiff, Vanessa Appelhans, (hereinafter referred to as the "Plaintiff" or "Appelhans"), by and through her undersigned attorney, sues the defendant, Navy Federal Credit Union, (hereinafter referred to as the "Defendant" or "Navy Federal"), and alleges as follows:

## *JURISDICTION AND VENUE*

1. Plaintiff brings this is an action to remedy discrimination on the basis of race, age, and retaliation in the terms, conditions, and privileges of Plaintiff's employment in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008 ("ADAA").

2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C.

1

§2000e-5(f).

3. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

4. Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), Fed. R. Civ. P. 54 and other Florida Statutes as set forth herein.

5. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

6. All conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f). Plaintiff filed a Charge of Discrimination the United States Equal Employment Opportunity Commission ("EEOC" No.: 425-2020-00963) on June 18, 2020. On August 6, 2020, Plaintiff received her ninety (90) day Notice of Right to Sue letter from the EEOC.

## *PARTIES*

7. Plaintiff is a Caucasian female and a citizen of the State of Florida and a resident of Escambia County Florida. Plaintiff had been employed with Defendant from June 2012, until her involuntary termination on May 21, 2020.

8. Defendant is a federally charted Credit Union which employs more

than 15 employees, with branch locations throughout the State of Florida and its Greater Pensacola Operations campus located in Escambia County Florida. Defendant is an employer within the meaning of Title VII, ADA and ADAA.

## *FACTS*

9. Plaintiff is a fifty one (51) year old Caucasian female.

10. Plaintiff was hired by Defendant on or about June 2012.

11. Defendant is a federally charted not-for-profit credit union exclusively serving military, veterans and their families with financial services throughout Florida and the United States.

12. At the time of her termination, Plaintiff held the positon of Delinquency Control Counselor IV.

13. As a Delinquency Control Counselor IV, Plaintiff's primary responsibilities are to control and collect on past due accounts in accordance with all government and Defendant's rules and regulations, provide Defendant's members financial counseling and mitigate loss for Defendant.

14. In March of 2019, Plaintiff began suffering extreme mental and emotional anguish.

15. Plaintiff's treating physician diagnosed her with severe anxiety and panic disorder.

16. As a result of her severe anxiety disorder, Plaintiff applied for FMLA and requested that Defendant accommodate her medical condition by reducing her overtime hours while she was seeking medical treatment for her conditions.

17. In September 2019, knowing her medical condition, Plaintiff was approached by Defendant's management team about her annual review and pressed her on her struggles through the ratings period and on her inability to work overtime.

18. Defendant stated that Plaintiff's inability to work overtime hours was hampering her numbers and resulted in a poor annual review.

19. Defendant had knowledge of Plaintiff's anxiety and panic disorder since March 2019 and that she suffered from limited ability to focus and concentrate.

20. Plaintiff is a qualified individual with a disability:

> (a) she has a mental impairment that substantially limits one or more major life activities: she suffers from anxiety and the limited ability to focus and concentrate;
>
> (b) Plaintiff is under doctor's care for treatment of her mental disabilities.
>
> (c) she has a record of such impairment; and,
>
> (d) she was regarded by her employer as having impairments.

21. Plaintiff's disabilities substantially affect the major life activities of sleeping, concentration.

22. Plaintiff had the ability to perform the essential functions of her position with or without a reasonable accommodation.

23. Between September and October 2019, Defendant refused to accommodate Plaintiff's request and need for reduced overtime hours and continued to press her on her struggles and inability to work a lot of overtime.

24. In September 2019, Plaintiff was the subject of a NFCU Security investigation due to her involvement with her same sex partner and was told to discontinue her relationship with her.

25. NFCU Security investigation included an extensive review of Plaintiff's personal financial accounts and other personal non-work related information.

26. On October 3, 2019, Defendant issued Plaintiff a memorandum of warning (MOW) for production issues.

27. In November, 2019, Plaintiff was given a section award and continued to work Defendant's mandated overtime even after Plaintiff requested that her overtime be reduced because of her medical condition.

28. In December 2019, Defendant moved Plaintiff to a different team with additional work assignments.

29. On February 3rd, 2020, Plaintiff was admitted into a psychiatric hospital because of severe anxiety and panic attacks and went out on FMLA.

30. After multiple days in the hospital and extensive evaluations, Plaintiff was released to return to work on March 15th, 2020.

31. Upon Plaintiff's return to work on March 15, 2020, her management team treat her differently.

32. Plaintiff's managers placed her under the microscope even more so than before regarding her performance.

33. Plaintiff is a homosexual female and was in a same sex relationship and as a result of Plaintiff having disclosed her sexual orientation, Plaintiff was subjected to unwelcomed harassment, ridicule and hostile working environment.

34. Defendant's Security team again confronted Plaintiff about her personal accounts and relationship with her partner, calling Plaintiff derogatory names for her involvement with her partner.

35. Plaintiff had been the victim of dating fraud, but at no time did she place Defendant in jeopardy or violate Defendant's code of ethics, yet the NFCU Security team continued to harass Plaintiff about her relationship with her partner.

36. In April 2020, Plaintiff's performance exceeded more than half of co-workers.

37. In May 2020, Plaintiff's performance again exceeded more than half

of co-workers.

38.     On May 20, 2020, Plaintiff was identified as a top five producer in her department.

39.     On May 21, 2020, Plaintiff was notified by Defendant that her employment was being terminated for unsatisfactory performance.

40.     The reasons given for Plaintiff's termination are pretext for Defendant's unlawful discrimination, harassment and failure to accommodate Plaintiff's disability.

41.     As a result of Defendant's conduct and failure to act, Plaintiff has suffered and will continue to suffer with anxiety and difficult economic circumstances, in addition to sustained continued mental and psychological distress.

*FIRST CAUSE OF ACTION*
*(Title VII - Gender Discrimination)*

42.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 41 of this complaint with the same force and effect as if set forth herein.

43.     Plaintiff was the subject of workplace discrimination through continued and ongoing adverse working conditions and treatment by Defendant

because of her gender, sex, sexual orientation or perceived sexual orientation in violation of the Title VII.

44. Plaintiff has suffered damages and will continue to suffer damages in the future as a result of Defendant's actions.

*SECOND CAUSE OF ACTION*
*(Title VII - Hostile Work Environment)*

45. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 41 of this complaint with the same force and effect as if set forth herein.

46. Plaintiff was the subject of workplace harassment through continued and ongoing adverse working conditions and treatment by Defendant which created a hostile working environment because of her gender in violation of Title VII of the Civil Rights Act of 1964.

47. Plaintiff has suffered damages and will continue to suffer damages in the future as a result of Defendant's actions.

*THIRD CAUSE OF ACTION*
(ADA-Disability Discrimination)

48. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 41 of this complaint with the same force and effect as if set forth herein.

49. This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of her employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

50. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

51. At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

52. Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against her for engaging in a protective activity and for any actual or perceived disability.

53. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities

Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

54. As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

55. As a result of being wrongfully and unlawfully retaliatory actions that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

56. Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for her professional services.

57. Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

## *FOURTH CAUSE OF ACTION*
(ADA-Disability Retaliation)

58. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 41 of this complaint with the same force and effect as if set forth herein.

59. This is an action to remedy retaliation on the basis of Plaintiff's disability in the terms, conditions, and privileges of her employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

60. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

61. At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

62. Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against her for engaging in a protective activity and for any actual or perceived disability.

63. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

64. As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

65. As a result of being wrongfully and unlawfully retaliatory actions that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

66. Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for her professional services.

67. Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a) Declaring the acts and practices complained of herein are violation of the ADA, ADAA and Title VII;

b) Enjoining and permanently restraining those violations of the ADA, ADAA and Title VII;

c) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d) Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

e) Awarding Plaintiff Front Pay in lieu of reinstatement;

f) Awarding Plaintiff compensatory damages;

g) Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

h) Granting such other and further relief as the Court deems just and proper in the premises.

## *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

                                                      Respectfully submitted,

Dated: September ___, 2020.    By: */s/ Clayton M. Connors*
                                                 CLAYTON M. CONNORS
                                                 Florida Bar No.: 0095553
                                                 Email: cmc@westconlaw.com
                                                 **WESTBERRY & CONNORS, LLC.**
                                                 4400 Bayou Blvd., Suite 32A
                                                 Pensacola, Florida 32503
                                                 Tel:  (850) 473-0401
                                                 Fax: (850) 473-1388

                                                 Attorney for the Plaintiff